UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CRITCHFIELD PHYSICAL THERAPY, P.C., individually and on behalf of all others similarly-situated, ) ) ) ) | |
| Plaintiff, ) | Case No.: |
| ) | |
| v. ) | |
| ) | |
| TECHHEALTH, INC., ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. Sections 1331, 1332 and 1441, Defendant, TechHealth, Inc. ("TechHealth"), files this notice of removal of this action from the Circuit Court of St. Louis County, Missouri (Circuit Court Case No. 11SL-CC05052) in which it is currently pending, to the United States District Court for the Eastern District of Missouri because there is diversity jurisdiction under the Class Action Fairness Act and there is a federal question at issue. As grounds for removal, TechHealth states as follows:

### Introduction

Plaintiff, Critchfield Physical Therapy, P.C. ("Plaintiff"), initiated this action on or about December 23, 2011, when it filed a Class Action Petition against TechHealth in the Circuit Court in and for St. Louis County, Missouri. The state court action was filed as a proposed class action under Missouri Rule of Civil Procedure 52.08 for violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"); conversion; and violation of the Missouri Merchandising Practices Act ("MMPA"), Chapter 407, Missouri Revised Statutes. A copy of the Summons and Class Action Petition were served on TechHealth on January 17, 2012.

TechHealth has filed no pleadings in this cause.  Pursuant to 28 U.S.C. Section 1446(a) and E.D.Mo. L.R. 2.03, copies of all process, pleadings and orders served upon TechHealth are attached as **Composite Exhibit A**.

## Timeliness of Removal

As set forth above, Plaintiff served TechHealth with the Class Action Petition on January 17, 2012.  TechHealth filed this notice of removal within thirty (30) days of service of Plaintiff's Class Action Petition as required under 28 U.S.C Section 1446(b), and *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (holding thirty day removal period begins to run when the Defendant is formally served).

## Diversity Jurisdiction Under Class Action Fairness Act

This action is removable to federal court pursuant to the Class Action Fairness Act, codified at 28 U.S.C. §1332(d).  The Class Action Fairness Act provides for federal courts to have jurisdiction, with certain exceptions, over class actions with 100 or more class members in which more than $5,000,000.00 is in controversy after aggregating class members' claims, and in which any member of the plaintiff class is a citizen of a state different from that of any defendant, or any member of a plaintiff class, or any defendant, is a foreign state or a citizen or subject of a foreign state.  *Id.*

This action is a controversy between citizens of different states.  At the time the Summons and Class Action Petition were filed and served, Plaintiff was, and now is, an active corporation with its principal place of business in the State of Missouri.  At the time the Summons and Class Action Petition were filed and served, TechHealth was, and now is, an active corporation with its principal place of business in the State of Florida.  Complete diversity exists between the parties.

Further, Plaintiff seeks to represent a National Class composed of "[a]ll persons who on or after four years prior to the filing of this action, were sent telephone facsimile messages of material advertising products or services by or on behalf of Defendant." TechHealth is in the business of coordinating healthcare and represents insurers, employers, third party administrators, self-insured entities, and other organizations that provide medical and health care coverage pursuant to insurance payors. Since 2002, TechHealth has directly contracted with and credentialed medical professionals and top rated care centers around the country, known as its Vendor Network. As of the date the Class Action Petition was filed, TechHealth had over 19,000 vendor locations in its Vendor Network. As of the date the Class Action Petition was filed, TechHealth had 8,386 physical therapy medical professionals and care centers in its Vendor Network. TechHealth maintains a separate database of those vendors in its Vendor Network who have expressed interest in TechHealth's Durable Medical Equipment ("DME") and who have provided their fax number directly to TechHealth. As of the date the Class Action Petition was filed, TechHealth had 2,990 physical therapy medical professionals and care centers listed in its DME database. Since January 1, 2009, the number of TechHealth providers in its DME database has fluctuated based on vendors expressing interest in TechHealth's DME or vendors requesting removal from TechHealth's DME database. Thus, Plaintiff's proposed Class definition includes, at a minimum, 2,990 members, and as many as 19,000 members, if not more.

While denying liability or any element of class action certification, TechHealth has a good faith belief that the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs. Plaintiff has alleged that it and the Class are entitled to the following damages:  $500 for each violation of the TCPA and seeks trebling of that amount under the TCPA, damages for conversion, damages and attorney fees for violation of Chapter 407 of the

Missouri Revised Statutes, attorneys' fees and costs  and injunctive relief.  *See* Class Action Petition, Prayer ¶¶ A – J.   Thus, using the minimum number set forth above, 2,990 members, TechHealth's liability could easily exceed the CAFA's amount in controversy minimum.

As this is a civil action purporting to be a class action between parties in different states with a proposed class in the aggregate that far exceeds 100 members and the amount in controversy exceeds the sum of $5,000,000.00 exclusive of interest and costs, this Court has original jurisdiction pursuant to the Class Action Fairness Act, codified at 28 U.S.C. §1332(d).

### Federal Question

This action is also removable to federal court pursuant to 28 U.S.C. § 1441 because it could have been filed originally in this Court pursuant to the federal question jurisdiction conferred by 28 U.S.C. Section 1331.  Specifically, jurisdiction under 28 U.S.C. Section 1331 exists because a federal question appears "on the face of the plaintiff's properly pleaded complaint."  *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

The heart of Plaintiff's claim is under the TCPA.  The TCPA is a federal law that has created a private right of action and provides the rules of decision, thus it clearly "aris[es] under" the "laws … of the United States."  28 U.S.C. §1331.  Further, in *Mims v. Arrow Financial Services, LLC*, the United States Supreme Court held that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.  565 U.S. ___, 132 S.Ct. 740, 745 (2012), The Supreme Court also held that "Congress did not deprive federal courts of federal-question jurisdiction over private TCPA suits."  *Id.* at 747*; see also Williams v. Rangone*, 147 F.3d 700, 703 (8th Cir. 1998) ("A congressional grant of concurrent jurisdiction in a statue does not imply that removal is prohibited.").  Therefore, this action is removable to federal court.

4

**Filing of Removal Papers**

Pursuant to 28 U.S.C. Section 1446(d) and E.D.Mo. L.R. 2.03, written notice of the removal of this action will be promptly served to Plaintiff's counsel, and a Notice of Filing Notice of Removal is simultaneously being filed with the Clerk of the Circuit Court in and for St. Louis County, Missouri.  A true and correct copy of the Notice of Filing Notice of Removal is attached hereto as **Exhibit B**.

**Conclusion**

Removal is appropriate under 28 U.S.C. Sections 1331, 1332, and 1441 because this action could have been filed originally in this Court pursuant to diversity jurisdiction under the Class Action Fairness Act and pursuant to federal question jurisdiction.  This Notice of Removal was filed within thirty (30) days after service of Plaintiff's Class Action Petition.  Accordingly, this action, currently pending in the Circuit Court for St. Louis County, Missouri should be removed to the United States District Court for the Eastern District of Missouri, and this Court should assume full jurisdiction of the case as provided by law.

By filing this Notice of Removal, TechHealth does not waive, and expressly reserves all rights, defenses, or objections of any nature that it may have to Plaintiff's claims.

1149255

Respectfully submitted,

SUMMERS COMPTON WELLS, PC

```
/s/ Jill R. Rembusch
```
Jill R. Rembusch,     #46251
8909 Ladue Road
St. Louis, Missouri 63124
314-991-4999
314-872-0385 direct fax
jrembusch@summerscomptonwells.com


and

CHARLES M. HARRIS
Florida Bar No. 0967459
charris@trenam.com
ABBY DRITZ SALZER
Florida Bar No. 0591475
asalzer@trenam.com
Trenam, Kemker, Scharf,
  Barkin, Frye, O'Neill & Mullis
200 Central Avenue, Suite 1600
St. Petersburg, Florida 33701
(813) 223-7474
(813) 229-6553 (Facsimile)


**CERTIFICATE OF SERVICE**

The undersigned certifies that on February __15__, 2012, a copy of the foregoing **Notice of Removal** was sent by U.S. mail and facsimile (636) 536-6652 to **Max G. Margulis, Esq.**, Margulis Law Group, 28 Old Belle Monte Rd., Chesterfield, Missouri 63017.

```
/s/ Jill Rembusch
```

1149255