UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CRITCHFIELD PHYSICAL THERAPY, P.C., individually and on behalf of all others similarly-situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.  4:12CV00268 AGF |
| TECHHEALTH, INC., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This putative class action is before the Court on two interrelated motions: Plaintiff's motion for relief from certain briefing requirements as to Plaintiff's second motion for class certification; and Defendant's motion to strike or dismiss Plaintiff's above motion and Plaintiff's second motion for class certification.  For the reasons set forth below, Defendant's motion shall be denied, and Plaintiff's motion for relief from certain briefing requirements shall be granted.

## BACKGROUND

Plaintiff filed this action in state court on December 23, 2011, alleging that Defendant sent it unsolicited faxes in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  On February 15, 2012, Defendant removed the action to this Court pursuant to diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. §1332(d), and pursuant to federal question jurisdiction.  On the same day, Plaintiff

filed a motion for class certification.  On May 11, 2012, the Court issued a Case Management Order ("CMO"), dismissing the motion for class certification without prejudice, subject to refiling pursuant to the deadlines set forth in the CMO.  According to the CMO, Plaintiff's motion for class certification had to be filed no later than February 15, 2013, with the opposition brief due no later than March 15, 2013, and any reply due no later than April 5, 2013.

On July 24, 2012, Defendant served Plaintiff a Rule 68 Offer of Judgment for the lump sum amount of $5,000 plus attorneys' fees and costs.  Defendant also offered to allow the Court to enter a stipulated permanent injunction, prohibiting Defendant from using any fax machine to send an unsolicited fax in violation of the TCPA.  Plaintiff rejected the offer, and on July 31, 2012, filed a second motion for class certification and a motion for relief from briefing requirements of Local Rule 7-4.01[1] with respect thereto.

In the motion for relief from briefing requirements, Plaintiff asserts that the Rule 68 Offer of Judgment was "a ploy to avoid class action treatment of the claims alleged against [Defendant]" and should not "necessitate premature briefing and consideration of class certification issues."  Plaintiff additionally asks the Court to strike Defendant's Rule 68 Offer of Judgment and, due to Defendant's "attempt to circumvent" the CMO, assess the costs incurred by Plaintiff in preparing the above two motions.

---

[1] Local Rule 7-4.01 requires, unless otherwise directed by the Court, a moving party to file with each motion a memorandum in support of the motion and sets forth the time limits for response and reply briefs.

On August 10, 2012, Defendant filed a motion to strike or dismiss Plaintiff's second motion for class certification and Plaintiff's motion for relief from briefing requirements. Defendant argues that Plaintiff's second motion for class certification "does not come close to meeting the factual or legal requirements necessary" and, instead, "was filed to preclude an argument that Plaintiff did not seek certification promptly after receiving Defendant's Offer of Judgment." Defendant also asserts that Plaintiff's arguments in the motion for relief from briefing requirements are "premature," and that the "proper time for Plaintiff to argue that the case is not moot is after Defendant files a motion seeking a ruling that the Offer of Judgment renders the case moot."

## **DISCUSSION**

Underlying Plaintiff's two above-noted motions is a concern that Defendant may file a motion to dismiss asserting that the action is moot following Plaintiff's rejection of the Rule 68 Offer of Judgment. To the extent that rejection of a Rule 68 Offer of Judgment that does not address class relief might moot a class action, that is not the case here currently, as the initial motion for class certification was not denied on the merits. *See Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1539 (8th Cir. 1996) ("Judgment should be entered against a putative class representative on a defendant's offer of payment only where class certification has been properly denied.") In the CMO, the Court established a briefing schedule for issues regarding class certification. Although Plaintiff has filed a motion for class certification earlier than the February 15, 2013 deadline for doing so, the Court discerns no reason why he should not be allowed to

-3-

supplement that motion up to that date.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to strike or dismiss Plaintiff's second motion for class certification and Plaintiff's motion for relief from briefing requirements as to Plaintiff's motion for class certification is **DENIED**.  (Doc. No. 31.)

**IT IS FURTHER ORDERED** that Plaintiff's motion for relief from briefing requirements as to Plaintiff's motion for class certification is **GRANTED**.  Plaintiff shall have up to and including **February 15, 2013** to file its Memorandum and other supporting documents in support of its motion for class certification.  Defendant shall file its response within 28 days after Plaintiff files its Memorandum.  Plaintiff's requests to strike the Offer of Judgment and for costs are denied.  (Doc. No. 30.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 27th day of August, 2012.