UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CRITCHFIELD PHYSICAL THERAPY, P.C., individually and on behalf of all others similarly situated,  )<br>)<br>)<br>)<br>Plaintiff,              )<br>)<br>vs.                    )<br>)<br>TECHHEALTH, INC.,           )<br>)<br>Defendant.             ) | Case No. 4:12CV00268 AGF |

## **MEMORANDUM AND ORDER**

This putative class action is before the Court on Defendant's motion for sanctions against Plaintiff for its failure to attend the December 20, 2012 mediation conference. It is undisputed that the CEO and COO of Defendant, a Florida corporation, attended the mediation in person and were informed for the first time at the mediation that Plaintiff, a Missouri corporation, would not have a representative personally present. The parties did not agree that personal attendance would not be required, and Plaintiff never requested that the Court excuse its representative from attending. Plaintiff's counsel informed Defendant at the mediation that a representative of Plaintiff was "available" by phone. The mediation was unsuccessful. For sanctions, Defendant asks the Court to order Plaintiff to pay Defendant's attorney's fees and costs incurred in connection with traveling to and attending the mediation, the full fee of the mediator, and Defendant's attorney's fees and costs incurred in pursuing this motion.

In response to Defendant's motion for sanctions, Plaintiff asserts that because counsel was present at the mediation, and a representative of Plaintiff was available by phone, its mediation obligations were met, as this is a putative class action.  Plaintiff maintains that the fact that class-wide settlement would require court approval and that a named plaintiff in a class action cannot, by himself, prevent such approval justifies the failure of a representative of Plaintiff to attend the mediation in person.  Plaintiff does not assert that a representative with authority to settle was on the line during the mediation, only that such a person "was available."

As Defendant argues, both Local Rule 6.02(B)(1) and the Order referring the case to mediation in this case (Doc. No. 33) required that a corporate representative of Plaintiff having authority to settle claims attend the mediation in person, unless otherwise agreed to by the parties or excused by the court.  Attendance in person by the parties is not a mere technicality.  It is what insures a meaningful mediation and is "the cornerstone of good faith participation."  *Nick v. Morgan's Foods, Inc.*, 99 F. Supp. 2d 1056, 1063 (E.D. Mo. 2000) (reviewing why attendance of a corporate representative with settlement authority is so important), *aff'd,* 270 F.3d 590 (8th Cir. 2001).  Merely "being available" by phone does not satisfy this requirement.  *Id.*  Furthermore, the Court discerns no reason why there should be an exception for a named plaintiff in a putative class action.  Such an exception would run contrary to a class representative's obligations as a representative of the class.

The Court concludes that sanctions are warranted, however, the Court will reduce the costs sought by Defendant by 30% because counsel for Defendant could have called the

2

Court at the time of the mediation and it is quite possible that the matter could have been remedied at that time.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion (Doc. No. 44) for sanctions against Plaintiff for Plaintiff's failure to attend the December 20, 2012 mediation conference in person is **GRANTED,** as follows:

Defendant shall file within seven days of this Memorandum and Order its costs related to the December 20, 2012 mediation and the motion for sanctions.   Defendant shall also inform the Court whether it wishes the Court to order a new mediation with the presence of a representative of Plaintiff.   Plaintiff shall have seven days thereafter to object to the costs submitted by Defendant.

*[signature]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 1st day of February, 2013.

3