UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CRITCHFIELD PHYSICAL THERAPY, P.C., individually and on behalf of all others similarly-situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:12CV00268 AGF |
| TECHHEALTH, INC., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This putative class action is before the Court on the motion of Plaintiff Critchfield Physical Therapy, P.C., to compel Defendant Techhealth, Inc., to provide full and complete responses to interrogatories that Plaintiff served on May 11, 2012, and to produce documents that Plaintiff asserts are relevant to class certification. For the reasons set forth below, the motion to compel shall be denied in part, and granted in part pursuant to the terms of a protective order to be agreed upon by the parties.

## BACKGROUND

Plaintiff initiated this action in state court on December 23, 2011, claiming that Defendant sent Plaintiff two unsolicited fax advertisements in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(C). Plaintiff filed the case as a nationwide class action seeking an award of statutory damages for each alleged violation of the TCPA and a declaration that Defendant violated the Act, as well as damages for common

law conversion. Defendant removed the action to this Court.[1] Among Defendant's defenses is that it did not violate the TCPA because it had an established business relationship with Plaintiff (and other recipients of its advertising faxes) and that Plaintiff (and other recipients) consented to receipt of fax advertisements from Defendant.

The Case Management Order governing the case provides that the case is to proceed in two stages: a class certification phase (Phase I) and a trial phase (Phase II). A schedule for Phase II discovery is to be set following a ruling on the motion for class certification. In a pending early motion for class certification, Plaintiff's proposed class definition is as follows:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes, (4) with whom Defendant does not have an established business relationship and (5) which did not display a proper opt out notice.

(Doc. No. 29 at 1.)

On May 11, 2012, Plaintiff served Defendant with interrogatories and requests for production, seeking, among other things, the names, addresses, and phone and fax numbers of the entities to which Defendant sent advertising faxes during the class period (December 23, 2007, to the present); the fax logs produced by the computer software programs used to

---

[1] For a discussion of the propriety of removal of a private class action under the TCPA, see *St. Louis Heart Center, Inc. v. Vein Centers For Excellence, Inc.*, 860 F. Supp. 2d 920, 922-23 (E.D. Mo. 2012).

send the faxes;[2] and the name and records of the telephone service provider(s) that provided service to Defendant's fax machine during the class period.

In response, Defendant provided two PDF spreadsheets that listed the advertising fax recipients by identification number, and the area codes of their phone and fax numbers. The names, addresses, and telephone and fax numbers of the recipients were redacted. On October 5, 2012, Plaintiff filed the motion to compel now before the Court. As summarized by Plaintiff, it seeks an Order compelling the production of the following:

> (1) unredacted faxing lists (in their native, unadulterated format) used in Defendant's faxing campaigns, (2) identities, names, addresses and contact information for potential class members, (3) telephone records (a/k/a or otherwise stored on computers as "fax transmission logs") including telephone numbers and service providers used in Defendant's faxing campaigns, (4) faxing software and hardware models, devices (including manufacturers data) and hard drives used in Defendant's faxing campaigns.

(Doc. No. 40 at 9.)

Plaintiff argues that its computer expert needs the spreadsheets in their native unredacted format to analyze their contents and to determine if any alterations were made. Plaintiff also argues that it needs access to this information in order to prove numerosity. Plaintiff has submitted a protective order (Doc. No. 39-6) that it proposed to Defendant to protect any confidential information contained in the unredacted spreadsheets. Plaintiff asserts that if Defendant intends to raise an established business relationship defense, Plaintiff is entitled to know the complete phone numbers of the fax recipients with whom Defendant claims it had an established business relationship, so that Plaintiff's expert can

---

2 According to Plaintiff, Defendant has stated that it did not use a third party to send the faxes at issue.

"compare the customer database with the excel spreadsheets showing to whom faxes were sent as well as any logs produced by any fax software used." (Doc. No. 39 at 4.) Plaintiff maintains that it needs the telephone records it requested to determine the number and dates of faxes sent during the class period.

According to Plaintiff, if Defendant has not retained these telephone records, Plaintiff will need to subpoena the relevant telephone service provider, and because telephone carriers do not keep records indefinitely, Plaintiff must obtain a subpoena as soon as possible. Lastly, Plaintiff states that if a fax broadcasting software program was used, it "could contain logs of the faxes that were sent and also contain templates of the faxes sent. The data produced by the fax software program would be contained on any computer where that program was installed. Plaintiff's expert would be able to analyze the data from the fax software program if a mirror image of the computer hard drive were made." *Id*. at 4-5. Plaintiff has submitted a proposed protective order (Doc. No. 39-6) to address privacy concerns of Defendant.

Defendant argues that the names, addresses, and contact information of putative class members are not relevant to class certification, and that "the only reason Plaintiff would need the names and contact information [at this point] in this case is for solicitation purposes, which is plainly improper." (Doc. No. 41 at 7.) Defendant asserts that Plaintiff has not contended that it needs the names and contact information to establish numerosity. Defendant argues that its telephone records, faxing software, and mirror images of its hard drives also have no relevance to class certification, and providing the mirror images would result in the production of confidential information, including patient information and

4

Defendant's confidential business information and trade secrets. Defendant argues that Plaintiff's proposed protective order is insufficient, because it does not prohibit oral communication with putative class members or expressly prohibit Plaintiff's counsel from engaging in improper solicitation. Defendant requests that the Court afford the parties a short amount of time to provide an agreeable protective order accounting for these concerns, should the Court grant Plaintiff's motion. Defendant also asserts that complying with Plaintiff's requests would impose an undue burden on Defendant – Defendant would have to produce voluminous phone records dating back to 2007, most of which have nothing to do with Plaintiff's lawsuit.

In reply, Plaintiff submits the sworn declaration of its computer expert, stating that to conduct a meaningful forensic analysis of the data relevant to this case, he would need the original and unredacted spreadsheets showing to whom the faxes were sent, as well as any logs produced by any fax software program used. He states that he would be able to analyze the data from the fax software program from a "forensically sound mirror image of the computer hard drive(s)." He also declares that he needs the telephone records requested to determine the number and dates of faxes sent. The expert maintains that

> [t]hese types of data are useful to me in forming my opinions. For example, they are used as to whether recipients of fax transmissions were treated in a uniform manner or individually; determining the number of recipients that would fall within the putative class definition; identification of the jurisdiction of the recipients; and for describing the ease or complexity of various forms of class notice.

(Doc. No. 42-1 at 3.)

## DISCUSSION

A party may generally obtain discovery regarding any nonprivileged matter relevant to a party's claim. Federal Rule of Civil Procedure 26(b)(1). Plaintiff, as the moving party, bears the burden of showing that the requested documents are discoverable within the meaning of the Rule. *Cent. States, Se. & Sw. Areas Pension Fund v. King Dodge, Inc.*, No. 4:11MC00233 AGF, 2011 WL 2784118, at *2 (E.D. Mo. July 15, 2011).

In general, the Federal Rules promote a "broad and liberal policy of discovery for the parties to obtain the fullest possible knowledge of the issues and facts before trial." *In re MSTG, Inc.*, 675 F.3d 1337, 1346 (Fed. Cir. 2012). However, Rule 26(b)(2)(C)(iii) provides that courts

> must limit the frequency or extent of discovery otherwise allowed . . . if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Pursuant to Federal Rule of Civil Procedure Rule 23(a), a plaintiff seeking class certification must meet four requirements: numerosity, commonality, typicality, and adequacy of representation. In addition, a named plaintiff seeks certification pursuant to Rule 23(b)(3), must show that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). To determine if these requirements have been satisfied, a district court must conduct a "'rigorous analysis,'" making pre-certification discovery appropriate.

*St. Louis Heart Ctr., Inc.*, 860 F. Supp. 2d at 922 (quoting *Landsman & Funk PC v. Skinder-Strauss Assocs.*, 640 F.3d 72, 93 (3d Cir. 2011)).

In the context of fax advertising cases like this one, courts have held that at least some of the data like that sought by Plaintiff is not only relevant to the merits of a defendant's established-business-relationship defense, "but it will demonstrate that each class member is like Plaintiff as to this defense." *See Martin v. Bureau of Collection Recovery*, No. 10 C 7725, 2011 WL 2311869, at *4 (N.D. Ill. June 13, 2011) (rejecting the argument that this type of discovery should be postponed until after the disposition of the class certification motion); *see also The Savanna Group, Inc. v. Trynex, Inc.*, No. 10-cv-7995, 2013 WL 66181, at *8-12 (N.D. Ill. Jan 3, 2013).

Here, in light of the discovery produced and the positions Defendant appears to be taking, much of the discovery Plaintiff seeks seems to be unnecessary and overly burdensome at the class certification stage. As such, the Court shall allow Plaintiff some of the discovery sought, but await a further showing of the need for other aspects of the discovery requests, depending upon the arguments Defendant actually raises in opposition to Plaintiff's motion for class certification. At this time, the Court will deny Plaintiff's motion, without prejudice, with respect to full contact information of those to whom a challenged fax was sent. The Court will also deny Plaintiff's motion to compel production of a mirror image of Defendant's hard drive(s). Defendant, however, must produce an original version, in native form, of the spread sheet it produced, including the full names and fax numbers of those on the spreadsheet. This production shall be subject to a protective order to be agreed upon by the parties, which shall include a prohibition against

Plaintiff contacting any prospective class members without leave of Court. Defendant shall also produce all the information sought, whether by interrogatory or request for production, about the fax sending device(s)/ machine(s), and the contact information of Defendant's telephone service provider(s) that provided service for the device(s)/machine(s) used to send the faxes in question. While Defendant is not required to produce a mirror image of its hard drives, Defendant shall create and preserve a mirror image of the relevant hard drives should production be ordered at a later date. Defendant is reminded of its obligation to preserve all electronic and telephonic data that may become relevant in this case.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that, as set forth above, Plaintiff's motion to compel (Doc. No. 39) is **GRANTED** in part, subject to a protective order to be agreed upon by the parties, and **DENIED** in part without prejudice to Plaintiff seeking further production depending upon Defendant's objections to Plaintiff's motion for class certification. The parties shall also agree upon a reasonable timeframe within which Defendant shall produce the information subject to production in accordance with this Memorandum and Order.

**IT IS FURTHER ORDERED** that on or before **March 11, 2013**, the parties shall submit to the Court a new joint proposed scheduling plan to govern the continued proceedings in this case, including the date for the filing of a motion for class certification.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a stay is denied as moot. (Doc. No. 53.)

**IT IS FURTHER ORDERED** that Plaintiff's second motion for class certification is **DENIED as moot** without prejudice to refiling by Plaintiff at the time to be provided for by further Court Order.   (Doc. No. 29.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 4th day of March, 2013.